UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

James Pelton and Tania Pelton

    v.                                      Civil No. 18-cv-242-LM
                                            Opinion No. 2019 DNH 072

Cotton Mill, LLC

**O R D E R**

In the winter of 2016, James Pelton slipped and fell on ice outside of an apartment complex owned by defendant Cotton Mill, LLC ("Cotton Mill"). James and his wife Tania Pelton sued Cotton Mill, alleging that they suffered injuries caused by defects in the design of Cotton Mill's recent renovation of the apartment complex. Cotton Mill then filed a third-party complaint against The Architectural Team ("TAT"), which served as the architect for the renovation project, alleging that any design defects in the project were attributable to TAT. TAT, in turn, filed a fourth-party complaint against Harvey Construction Corporation ("Harvey Construction"), the alleged construction manager for the renovation project. TAT alleged that it provided proper architectural plans for the project to Harvey Construction, but that Harvey Construction did not fully implement those plans, causing the defect that led to plaintiffs' injuries. Cotton Mill then filed a cross claim against Harvey Construction asserting that it should be found at

fault for plaintiffs' injuries based on its conduct as construction manager.

Harvey Construction now moves to dismiss the claims asserted against it in TAT's fourth-party complaint and Cotton Mill's cross claim. Doc. no. 33. Put simply, it asserts that TAT and Cotton Mill have sued the wrong party because it did not serve as the construction manager for the renovation project. In support, Harvey Construction submits a contract that it contends demonstrates that another entity, Harvey/Stabile Cotton Mill, LLC ("Harvey/Stabile"), served as the construction manager.[1] TAT and Cotton Mill object. Doc. nos. 38, 39. For the following reasons, the court denies Harvey Construction's motion to dismiss.[2]

---

[1] In response to Harvey Construction's claim that Harvey/Stabile served as the general contractor, TAT moved to amend its complaint to add allegations against Harvey/Stabile. The court granted that request and TAT filed an amended fourth-party complaint. Doc. no. 44. Ordinarily, when amendment is permitted after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss will be automatically denied without prejudice to defendant's ability to respond to the amended complaint. LR 15.1(c). Departure from this rule is warranted here because TAT's amended fourth-party complaint did not alter its allegations against Harvey Construction; it merely added similar allegations against Harvey/Stabile. Compare doc. no. 14, with doc. no. 44. Accordingly, the court will rely upon TAT's amended fourth-party complaint in ruling on the instant motion.

[2] TAT requested a hearing on this motion. Doc. no. 39 at 1. Upon review of the relevant pleadings, the court is not convinced that oral argument would "provide assistance to the court." LR 7.1(d).

**DISCUSSION**

I.  <u>Appropriate Standard of Review</u>

As a threshold matter, the parties dispute the proper standard of review and whether the court should consider supplementary materials appended to the parties' pleadings. Ordinarily, on a motion to dismiss, "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." [Ironshore Specialty Ins. Co. v. United States, 871 F.3d 131, 135 (1st Cir. 2017)](#) (internal quotation marks omitted).  However, the First Circuit has recognized certain "narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."  <u>Id.</u> (internal quotation marks omitted).  And the court may review a document, the authenticity of which is not challenged, when a complaint's factual allegations are "expressly linked to . . . and admittedly dependent upon" that document.  <u>Id.</u> (internal quotation marks omitted).

Here, Harvey Construction appended to its motion to dismiss portions of a contract entitled "Standard Form of Agreement Between Owner and Construction Manager as Constructor"

3

("Standard Form Agreement").³  Doc. no. 34-1.  This contract appears to be an agreement between Cotton Mill as the owner of the apartment complex and Harvey/Stabile as the construction manager of a renovation project at that complex.  Id. at 1-2.  The contract is dated February 25, 2013.  Id. at 1.  Harvey Construction contends that the Standard Form Agreement is the basis of Cotton Mill's and TAT's claims against it.

Despite this contention, neither Cotton Mill's cross claim nor TAT's amended fourth-party complaint expressly references or relies upon this specific contract between Cotton Mill and Harvey/Stabile.  Instead, Cotton Mill's and TAT's allegations refer to a contract between Cotton Mill and Harvey Construction.  Cotton Mill's cross claim alleges that it "contracted with Harvey [Construction] for the latter to provide construction management services relative to the building renovations."  Doc. no. 22 at 2.  Similarly, TAT's amended fourth-party complaint alleges that "On or about 2012, Cotton Mill hired Harvey [Construction] for the latter to provide general-contractor services for the renovation of the Apartment Complex."  Doc. no. 44 at 2.

---

³ Only the first and last pages of the contract appear to be included in Harvey Construction's exhibit.  See doc. no. 34-1.  None of the parties submitted the entire contract with any subsequent pleadings.

4

Both pleadings refer generally to a contract between Cotton Mill and Harvey Construction, not Harvey Stabile.  And neither explicitly relies upon or refers to the Standard Form Agreement.  Indeed, the allegations in TAT's amended fourth-party complaint refer to an agreement reached in or about 2012, prior to the Standard Form Agreement.  Additionally, although Cotton Mill and TAT do not contest the authenticity of the Standard Form Agreement, both parties argue in objection to the motion to dismiss that the Standard Form Agreement is not the agreement underlying their claims against Harvey Construction.  See doc. nos. 38 at 2-3, 39 at 3.

Based on the allegations in the amended fourth-party complaint and cross claim, it is not clear that TAT's and Cotton Mill's claims against Harvey Construction are "expressly linked to" or "admittedly dependent upon" the Standard Form Agreement that Harvey Construction has submitted.  Ironshoe, 871 F.3d at 135 (internal quotation marks omitted).  In fact, TAT's and Cotton Mill's allegations raise the inference that their claims rely upon a different agreement or agreements between the parties.  Because the claims in the amended fourth-party complaint and the cross claim are not linked to or dependent upon the Standard Form Agreement, the court finds it inappropriate to consider that contract in ruling on the motion to dismiss.  See Gotlin v. Lederman, No. 05-CV-1899 (ILG), 2006

5

WL 1154817, at *5 (E.D.N.Y. Apr. 28, 2006) (refusing to consider documents submitted by defendants with motion to dismiss when there was "no indication that plaintiffs relied upon them in framing" the amended complaint).[4]

Given that the court will not consider the Standard Form Agreement if it treats the motion as one under Rule 12(b)(6), the question remains whether the court should convert the motion into one for summary judgment and consider the Standard Form Agreement and the supplemental materials submitted by TAT and Cotton Mill. It is within this court's discretion whether to convert a motion to dismiss into one for summary judgment. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008); see also Fed. R. Civ. P. 12(d). The court finds it inappropriate to do so in this case. Discovery is in its infancy. Harvey Construction has yet to respond to interrogatories and no depositions have been conducted. Further, some of the materials that the parties appended to their pleadings had not been previously disclosed. Under these circumstances, the court declines to convert the motion. See Dzuira v. United States, 966 F. Supp. 126, 130 n.8 (D. Mass.

---

[4] This would be a different case if TAT and/or Cotton Mill had attached the Standard Form Agreement to the amended fourth-party complaint or cross claim, thereby indicating that it was central to their allegations. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of that pleading for all purposes.").

6

1997) (declining to convert motion to dismiss to summary judgment "given the nascency of discovery").

The court therefore treats the pending motion as one to dismiss under Rule 12(b)(6), and in ruling on the motion, the court will focus only on the allegations in the amended fourth-party complaint and cross claim. See Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18-19 (1st Cir. 1992)("If the district court chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion [into a motion for summary judgment] occurs.").

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, draw all reasonable inferences from those facts in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth 'a plausible claim upon which relief may be granted.'" Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71, 75 (1st Cir. 2014) (quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II. Merits

Cotton Mill owns an apartment complex in Nashua, New Hampshire.  In or about 2012, Cotton Mill hired Harvey Construction to provide general contractor management services for a renovation project at the apartment complex.

Cotton Mill also hired TAT to provide architectural design services for the renovation project.  TAT prepared drawings and other plans for a system of canopies, gutters, and downspouts to be installed over the front entrances of the apartment complex.  That system was intended to prevent precipitation from collecting at the front entrances.  TAT forwarded its drawings and plans to Harvey Construction.  During the renovation, Harvey Construction implemented the plans for the canopies, but not those for the gutters and downspouts.

In 2016, plaintiffs were residents at Cotton Mill's apartment complex.  In February of that year, James Pelton slipped and fell on ice that had accumulated on an exterior stairway near one of the front entrances to the complex.  He allegedly suffered serious injuries from that fall.  Plaintiffs sued Cotton Mill, asserting claims of negligence and loss of consortium.  The complaint alleged that Cotton Mill was negligent in that it failed to keep the walkways of the complex free of snow and ice and because it failed to design, renovate,

and maintain the premises in compliance with applicable building codes.

Cotton Mill then filed a third-party complaint against TAT, claiming that TAT's design was defective and seeking damages for breach of contract and contribution. TAT, in turn, filed a fourth-party complaint against Harvey Construction alleging that it failed as the general contractor to properly implement TAT's designs and seeking contribution and indemnification. TAT later amended that fourth-party complaint to add the same claims against Harvey/Stabile—the entity that Harvey Construction claims actually served as the general contractor for the renovation project. Cotton Mill then asserted a cross claim against Harvey Construction as the general contractor, alleging claims of contribution, breach of contract, and indemnification. At issue here are the claims asserted against Harvey Construction in TAT's amended fourth-party complaint and Cotton Mill's cross claim.

Harvey Construction's sole argument in favor of its motion to dismiss is that it was not a party to the contract that forms the basis of Cotton Mill's and TAT's claims against it. As discussed above, Harvey Construction asserts that the Standard Form Agreement demonstrates that Cotton Mill contracted with another entity—Harvey/Stabile, not Harvey Construction—for general contractor services on the renovation project.

9

For the reasons outlined above, however, the court is not considering the Standard Form Agreement and is focused solely on the allegations in the amended fourth-party complaint and cross claim. Both the amended fourth-party complaint and cross claim allege that Cotton Mill had a contractual relationship with Harvey Construction for general contractor services for the renovation project at the apartment complex. Doc. nos. 22 at 2, 44 at 2. The court must accept the factual allegations in the amended fourth-party complaint and cross claim as true and construe all reasonable inferences in TAT's and Cotton Mill's favor. See Foley, 772 F.3d at 71, 75. Those facts are sufficient, at this early stage, to state contractual-based claims against Harvey Construction and to survive Harvey Construction's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Harvey Construction's motion to dismiss (doc. no. 33) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 2, 2019

cc: Counsel of Record